UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANDRE DESCHAMPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-00086 |
| | ) | |
| BRIDGESTONE AMERICAS, INC. | ) | Judge Sharp |
| SALARIED EMPLOYEES | ) | |
| RETIREMENT PLAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court in this action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., is Plaintiff's motion to amend his complaint. (Docket No. 23). Magistrate Judge Bryant has reviewed this motion and determined that

> Plaintiff's state law breach of contract claims: 1) are preempted under ERISA § 502 as they pertain to the Plan; 2) are not preempted under ERISA §§ 502, 504 as they pertain to the Corporate Defendants; 3) and that assertion of supplemental jurisdiction over those claims is warranted in the instant matter.

(Docket No. 51 at 12). As a consequence, the Magistrate Judge's March 28, 2014 Report and Recommendation (R & R) recommends that the Court grant in part and deny in part Plaintiff's motion. (*Id*. at 13). Defendants filed objections to the R & R on April 11, 2014. (Docket No. 52). Having thoroughly reviewed the record in this case and the applicable law in accordance with Federal Rule of Civil Procedure 72(b), the Court will accept the Magistrate Judge's R & R.

1

While Plaintiff's motion to amend was pending, both parties filed cross-motions for summary judgment on all claims, (Docket Nos. 31 & 36), pursuant to the October 16, 2013 dispositive-motion deadline the Court set, (Docket No. 30). Those pending cross-motions predictably do not address the state-law claims that Plaintiff's motion to amend seeks to add.

Defendants indicated in their July 2013 response to Plaintiff's motion to amend that the addition of the state-law claims would require additional discovery. (Docket No. 26 at 8–9). Although the Court is unclear if that is still the case, it will allow the parties 120 days from the date of this order to complete additional discovery related to the newly added state-law claims. If the parties do not require additional discovery, they shall notify the Court of that in writing as soon as possible.

The Court prefers not to decide this case piecemeal, so it will deny without prejudice the pending summary-judgment motions. When the additional discovery is complete or when the Court receives notification that the parties do not require additional discovery, the parties will have 30 additional days to file dispositive motions on any or all issues in the case.

Finally, the non-jury trial currently scheduled to begin on May 13, 2014, will be reset in light of the rulings in this order. The case is referred back to Magistrate Judge Bryant for further case management.

In sum, the Court rules as follows:

(1) Magistrate Judge Bryant's Report and Recommendation (Docket No. 51) is ACCEPTED AND APPROVED;

(2) The parties' cross-motions for summary judgment on all claims (Docket Nos. 31 & 36) are DENIED WITHOUT PREJUDICE;

(3) Additional discovery related to the newly added state-law claims must be completed within 120 days of the entry of this order; if, however, neither party seeks additional discovery, the parties must notify the Court of that in writing as soon as possible;

(4) The parties shall file dispositive motions on any or all issues in the case within 30 days of the close of the additional discovery period or the date the parties notify the Court in writing of their intent to forego additional discovery;

(5) The non-jury trial currently scheduled to begin on May 13, 2014, will be reset;

(6) The case is referred back to Magistrate Judge Bryant for further case management.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE